1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
7                                  AT TACOMA

8    LYRIC LEEYN CLINE, SR.,

9                              Plaintiff,              Case No. C24-5309-TL-MLP

10          v.

11   MONTANA ARCEO, *et al*.,                          ORDER GRANTING REQUEST FOR
                                                       APPOINTMENT OF COUNSEL AND
12                             Defendants.             DIRECTING THE PRO BONO
                                                       COORDINATOR TO IDENTIFY PRO
13                                                     BONO COUNSEL

14          This is a prisoner civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff is

15   currently confined at the Kitsap County Jail in Port Orchard, Washington. Plaintiff submitted his

16   civil rights complaint to the Court for filing on April 22, 2024, and sought leave to proceed with

17   this action *in forma pauperis* ("IFP"). (*See* dkt. # 1.) Plaintiff alleges in his complaint that during

18   an encounter with Pierce County sheriff's deputies on May 21, 2022, he was beaten by one of the

19   deputies, Montana Arceo, who repeatedly punched him in the face while he screamed for help.

20   (*See* dkt. # 5 at 5-6.)

21          Plaintiff claims that a second deputy, Brandon Avalos, held him in place so Deputy

22   Arceo could continue to beat him, and Deputy Avalos at no point tried to stop Deputy Arceo

23   from assaulting Plaintiff. (*See* dkt. # 5 at 5-6.) Plaintiff further claims that after the deputies

placed him in handcuffs, he lost consciousness, had a seizure, and was taken to the hospital, but only after paramedics argued with Deputy Arceo about whether he should be transported. (*See id.*) Plaintiff asserts that he suffered various injuries as a result of the incident, and alleges that the use of force was excessive in violation of his Fourth Amendment rights. (*See id.* at 4-10.)

The Court subsequently granted Plaintiff's application to proceed IFP and ordered that his complaint be served on Defendants. (*See* dkt. ## 4, 6.) Counsel thereafter appeared on Defendants' behalf and, on July 25, 2024, Defendants filed an answer to Plaintiff's complaint. (Dkt. ## 7, 12.) On August 19, 2024, the Court received a request from Plaintiff that his complaint be withdrawn or, in the alternative, that the Court "pause" this case until he was at a place where he had access to a law library. (Dkt. # 15.) Plaintiff explained that the facility where he is currently confined does not afford him enough access to a law library for him to represent himself in this matter. (*Id.*)

After reviewing Plaintiff's request to withdraw his complaint, the Court, on September 9, 2024, issued a Minute Order inviting Plaintiff to file a motion for appointment of counsel, if he believed he could satisfy the standard for such an appointment, before it ruled on his request to withdraw his complaint. (Dkt. # 17.) On September 19, 2024, Plaintiff filed a motion for appointment of counsel in which he set forth the reasons he believed appointment of counsel was appropriate. (Dkt. # 18.) Defendants thereafter filed a response in which they indicated they do not concede Plaintiff's motion has merit, but otherwise take no position on Plaintiff's motion. (Dkt. # 19.)

Generally, the decision to appoint pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances

1  requires an evaluation of both the likelihood of success on the merits and the ability of the

2  plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues

3  involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations omitted). Neither of

4  these factors is dispositive, and the factors must be viewed together before reaching a decision

5  regarding appointment of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

6      The Court cannot, at this time, make any determination as to whether Plaintiff is likely to

7  succeed on the merits of his Fourth Amendment claim. The Court observes, however, that

8  Plaintiff represents to the Court that there is police body cam footage of the alleged beating that

9  will support his claims, video that is unavailable to him at this time because of his incarceration.

10 (*See* dkt. ## 5 at 7, 18 at 1.) Plaintiff suggests as well that the fact that he was hospitalized

11 following the encounter with Defendants lends credence to his claim of excessive force. (*See* dkt.

12 # 18 at 1.) These factors weigh in favor of appointment of counsel. The Court acknowledges that

13 Plaintiff was able to adequately articulate his claims in his complaint, but given the nature of the

14 claims asserted by Plaintiff, and his representation that he lacks the legal knowledge or legal

15 access necessary to litigate this action without assistance, the Court deems appointment of

16 counsel appropriate at this juncture.

17     Based on the foregoing, this Court hereby ORDERS as follows:

18     (1)    Plaintiff's motion for appointment of counsel (dkt. # 18) is GRANTED,

19 contingent on identification of counsel willing to represent Plaintiff in this matter. The Western

20 District of Washington's Pro Bono Coordinator is directed to identify counsel to represent

21 Plaintiff, in accordance with the Court's General Order 07-23 ("In re: Amended Plan for the

22 Representation of Pro Se Litigants in Civil Rights Actions"), section 3. Once it has been

23

ORDER GRANTING REQUEST FOR APPOINTMENT
OF COUNSEL AND DIRECTING THE PRO BONO
COORDINATOR TO IDENTIFY PRO BONO COUNSEL - 3

determined whether the Court will be able to appoint an attorney to represent Plaintiff, the Court will issue appropriate orders.

(2)    Plaintiff's request to withdraw his complaint (dkt. # 15) is STRICKEN as moot.

(3)    The Clerk is directed to send copies of this Order to the parties, to the Pro Bono Coordinator, and to the Honorable Tana Lin.

DATED this 4th day of November, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge