UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LYRIC LEEYN CLINE, SR,

                    Plaintiff,

        v.

MONTANA ARCEO, *et al.*,

                    Defendants.

Case No. C24-5309-TL-MLP

ORDER DENYING MOTION TO EXCLUDE

## I.      INTRODUCTION

This matter is before the Court on Plaintiff Lyric Leeyn Cline's Motion to Exclude Expert Testimony of Defendants' police practices expert, Chris M. Nielsen. (Mot. (dkt. # 46).) Defendants Deputies Montana Arceo and Brandon Avalos filed an opposition (Resp. (dkt. # 52)), and Plaintiff filed a reply (Reply (dkt. # 54)). The Court heard oral argument on January 16, 2026. (*See* dkt. # 60.) Having reviewed the record and applicable law, Plaintiff's Motion to Exclude Expert Testimony (dkt. # 46) is DENIED. The Court's reasoning follows.

## II.      BACKGROUND

The parties are familiar with the facts, which the Court summarizes only briefly. On May 21, 2022, Deputies Arceo and Avalos contacted Mr. Cline at an ARCO gas station in Tacoma,

ORDER DENYING MOTION TO EXCLUDE - 1

Washington, after observing a vehicle they believed matched one involved in recent criminal incidents. (Arceo Decl. (dkt. # 44), ¶¶ 6-8, 16-17; Avalos Decl. (dkt. # 45) ¶¶ 2-4, 7-8.) Mr. Cline fled on foot, the deputies pursued him, and a struggle followed during which the deputies used physical force, including strikes, before other officers arrived and Mr. Cline was handcuffed and transported for medical evaluation. (*See* Gonzalez Decl. (dkt. # 47), ¶ 3, Ex. 2 (Arceo Body Cam); Arceo Decl., ¶¶ 16-17; Avalos Decl., ¶¶ 7-8.)

Mr. Cline brings claims under 42 U.S.C. § 1983 for excessive force against Deputies Arceo and Avalos and for failure to intercede against Deputy Avalos. (Dkt. # 5.)

Defendants retained Mr. Nielsen, a retired SWAT officer and police trainer, to offer opinions on police practices and use-of-force. (Gonzalez Decl., ¶ 7, Ex. 6 ("Nielsen Report").) In general, Mr. Nielsen opines that the decision to contact and pursue Mr. Cline, the types and levels of force used, and the provision of medical care were consistent with generally accepted police training and Pierce County Sheriff's Department policies. (*Id.* at 39-42, 44, 46, 48.)

### III.    LEGAL STANDARD

Federal Rule of Evidence 702 permits expert testimony if: (1) the expert's specialized knowledge will help the trier of fact; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied those principles and methods to the facts of the case. Fed. R. Evid. 702(a)-(d). An expert may be qualified by knowledge, skill, experience, training, or education. *Id.*

The Court serves as a gatekeeper to exclude unreliable or unhelpful expert opinions. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589-94 (1993); *Messick v. Novartis Pharm. Corp.*, 747 F.3d 1193, 1197 (9th Cir. 2014). In experience-based fields such as police practices, Rule 702 is satisfied where the expert explains how the expert's experience supports the

ORDER DENYING MOTION TO EXCLUDE - 2

conclusions and how that experience relates to the facts. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999); *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000). The proponent bears the burden of showing admissibility, and the Court has broad discretion in applying Rule 702. *See Lust By & Through Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 142 (1997).

Evidence is relevant if it has any tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401; *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010), *as amended* (Apr. 27, 2010). Experts may not offer legal conclusions or instruct the jury how to apply the law, including by opining that force was or was not "objectively reasonable" under the Fourth Amendment. *See United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017); Fed. R. Evid. 704.

## IV.    DISCUSSION

### A.    Reliability and Methodology

Plaintiff challenges Mr. Nielsen's methodology on the grounds that he relied on a limited factual record, did not review Deputy Avalos's deposition before issuing his report or testifying, did not interview percipient witnesses, and did not supplement his opinions after additional discovery. (Mot. at 7-9.) Plaintiff cites portions of Deputy Avalos's testimony and argues that those statements, together with the absence of certain videos from Mr. Nielsen's review, undermine his conclusions. (*Id.* at 8-9; Reply at 4.)

These challenges address which facts Mr. Nielsen accepted and how he weighed conflicting evidence. Under Rule 702, that is an issue of weight, not admissibility. The Ninth Circuit has held that the "sufficient facts or data" requirement "requires foundation, not corroboration," and that disputes over which version of contested facts an expert adopts go to the jury. *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1025-26 (9th Cir. 2022); *Hyer v. City &*

ORDER DENYING MOTION TO EXCLUDE - 3

*Cnty. of Honolulu*, 118 F.4th 1044, 1056-58 (9th Cir. 2024). When facts are disputed, experts may reach different conclusions based on competing accounts; Rule 702 does not authorize the Court to resolve those disputes at the admissibility stage. *Elosu*, 26 F.4th at 1026.

Here, Mr. Nielsen reviewed department policies, training materials, reports, medical records, and video, and applied his law enforcement experience to assess the deputies' conduct under generally accepted police standards and Pierce County policies. (Nielsen Report at 2-9 (experience), 10-17 (materials reviewed), 18-30 (factual narrative), 31-37 (police standards), 37-49 (analysis).) That is an accepted, experience-based methodology for police practices experts under Rule 702. *See Hankey*, 203 F.3d at 1169. Defendants have therefore met their burden to show that Mr. Nielsen's methodology is sufficiently reliable under Rule 702.

**B.    Use of Video Evidence**

Plaintiff argues that Mr. Nielsen's testimony will not assist the jury because body-worn camera videos depict the encounter and that his descriptions of the footage risk confusing or misleading the jury. (Mot. at 10-12; Reply at 6-7.) Some courts have excluded expert narration of video where it merely tells the jury what the footage shows, because jurors can view the video and make factual determinations themselves. *See, e.g.*, *A.B. v. Cnty. of San Diego*, 2020 WL 4430971, at *2 (S.D. Cal. July 31, 2020); *Zeen v. Cnty. of Sonoma*, 2018 WL 3769867, at *2 (N.D. Cal. Aug. 9, 2018).

Defendants do not offer Mr. Nielsen as a video analyst. They offer him to explain police training, use-of-force frameworks, pursuit and Taser policies, and how officers are trained to assess flight, resistance, and threat. (Resp. at 8-9.) These subjects concern professional standards and decision-making processes outside typical juror experience and fall within Rule 702(a).

ORDER DENYING MOTION TO EXCLUDE - 4

Accordingly, Mr. Nielsen may not narrate the videos or opine on purely factual questions such as where Mr. Cline's hands were at a given moment or whether he in fact assumed a fighting stance. Jurors can reach those factual conclusions. He may testify about generally accepted police practices, relevant policies and training, how officers are taught to assess risk and select force options, and whether the deputies' decisions were consistent with those standards, assuming specified facts. *See Primiano*, 598 F.3d at 564. With those limits enforced at trial, any risk of confusion or unfair prejudice does not substantially outweigh the probative value of his testimony. Fed. R. Evid. 403.

### C.    Legal Conclusions

Plaintiff contends that Mr. Nielsen's opinions that the deputies' conduct was "necessary," "appropriate," and "consistent with training and policy" effectively state that the force was objectively reasonable under the Fourth Amendment. (Mot. at 13; Reply at 7-8.)

An expert may not offer opinions on ultimate legal questions or state that force was or was not objectively reasonable under the Fourth Amendment. *Diaz*, 876 F.3d at 1197. Nor may an expert evade this prohibition by rephrasing the constitutional standard in similar terms. *Dold v. Snohomish Cnty.*, 2023 WL 123335, at *3-*4 (W.D. Wash. Jan. 5, 2023). At the same time, a police practices expert may describe generally accepted law enforcement standards and specific policies and may opine whether conduct conformed to those standards. *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016-18 (9th Cir. 2004).

Consistent with these principles, Mr. Nielsen may not testify that the deputies' conduct was or was not objectively reasonable, constitutional, or similarly lawful. He may describe policies, training, and generally accepted police practices and state, in professional terms, whether particular actions were consistent with or departed from those standards, based on stated

ORDER DENYING MOTION TO EXCLUDE - 5

assumptions. Counsel must avoid questions that elicit legal conclusions, and the Court will address specific objections at trial as they arise.

### D. Bias and Litigation History

Plaintiff notes that Mr. Nielsen has testified exclusively for law enforcement defendants in use-of-force cases and cites his compensation as evidence of bias and unreliability. (Mot. at 14.) Bias affects credibility and weight, not admissibility under Rule 702. *See Reed v. Lieurance*, 863 F.3d 1196, 1209 (9th Cir. 2017). Mr. Nielsen's litigation history and compensation do not show that his methodology is unreliable or that his opinions lack a factual foundation. These matters may be explored on cross-examination and left to the jury in assessing what weight to give his testimony.

### V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Exclude Expert Testimony (dkt. # 46) is DENIED. The Clerk is directed to send copies of this order to the parties and to the Honorable Tana Lin.

Dated this <u>2nd</u> day of February, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING MOTION TO EXCLUDE - 6